IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARNOLD H. THOMAS
*Plaintiff*

      v.

ANDREW SAUL, *et al.*
*Defendants.*

Civil Action No. ELH-20-581

**MEMORANDUM**

The self-represented plaintiff, Arnold Thomas, filed suit against Andrew Saul, the Commissioner of the Social Security Administration ("SSA"); William Barr, United States Attorney General; and Robert K. Hur, United States Attorney for the District of Maryland. ECF 1 ("Complaint"). Thomas alleges that the SSA owes him funds in the amount of $105, 253 for his earnings between 1980 and 2005. *Id.* at 6. And, he contends that the SSA has "repeatedly failed to plead or defend" the claim that he has brought against the SSA. *Id.* Thus, plaintiff requests a default judgment in the amount of $105,253 pursuant to the Fed. R. Civ. P. 55. *Id.* at 7. The suit is supported by eight exhibits. ECF 1-1 to ECF 1-8.

Defendants have moved to dismiss the suit pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF 6. The motion is supported by a memorandum of law. ECF 6-1 (collectively, the "Motion"). In the Motion, defendants argue, *inter alia*, that dismissal is warranted based on sovereign immunity and because the Complaint fails to allege facts sufficient to state a claim for relief. *Id.* at 1. Plaintiff opposes the Motion (ECF 11), supported by the same eight exhibits attached to the Complaint. ECF 11-1 to ECF 11-8. Defendants have not replied (*see* docket), and the time to do so has expired.

No hearing is necessary to resolve the motion.  *See* Local Rule 105.6.  For the reasons that follow, I shall grant the Motion.

## I.    Factual and Procedural Background

Plaintiff, a citizen of Florida, claims that he is the "recorded Secured Creditor with a priority contractual lien hold interest to all property and income held in the Debtor Name of: ARNOLD HAMILTON THOMAS, Acct # xxx-xx-8126, as evidenced by Florida U.C.C.-1 Financing Statement No. 201909015863, and amended U.C.C. 3 Statement No. 201909917964." ECF 1 at 6 (citing ECF 1-2 ("UCC-1 Financing Statement"); ECF 1-3 (the "U.S[.] Social Security Statement of Account" for Arnold Hamilton Thomas Trust); ECF 1-5 (the "U.S. Social Security Administrations Statement of Account" for Thomas)).

Between October 2019 and January 2020, plaintiff contacted the SSA on at least five occasions, asking the SSA to "release" funds equal to the sum of all the earnings paid to him by his employers between 1980 and 2005. ECF 1 at 6; *see* ECF 1-5; ECF 1-6; ECF 1-7; ECF 1-8; ECF 1-1.  First, on October 15, 2019, plaintiff executed and sent an "Affidavit of Claim & Demand Order to Release Trust Funds" to the SSA.  ECF 1-5 ("October 2019 Affidavit").  In the October 2019 Affidavit, Thomas stated that he "has paid a total sum of $105,253.00 in his account…from the years 1980 to 2005" and that amount has been granted accepted and conveyed to the ARNOLD HAMILTON THOMAS TRUST" and "assigned as trust property[.]"  ECF 1-5 at 1.  Further, he explained that the property was established under a "Security Contract Agreement," and "recorded on file with Florida UCC-1 Financing Statement File No. 201909015863."  *Id.*  Thomas asserted that the SSA had 20 days from the receipt of his affidavit to "comply with said demand order to release funds; or submit a rebuttal affidavit." *Id.* at 2.

Plaintiff claims that the SSA "failed to plead or defend" the October 2019 Affidavit by November 26, 2019, so he sent the SSA a "Notice of Fault Opportunity to Cure." ECF 1 at 6; ECF 1-6 ("November 2019 Notice"). In the notice, plaintiff stated that the SSA "failed to perform," so it is now "in **FAULT**." *Id.* at 1 (emphasis in original). Further, Thomas explained that the SSA had "the right to cure this fault and perform to said terms within ten (10) days from the postmark of this Notice" or he would file for a default judgment in federal court. *Id.*

Thereafter, on December 9, 2019, Thomas sent the SSA a "Notice of Pending Default Opportunity to Cure." ECF 1-7 ("December 2019 Notice"). Plaintiff noted that the SSA's failure to respond to his November 2019 Notice "stipulated as to [the SSA's] willful agreement to the conditions stated in the affidavit." *Id.* at 1. And, he gave the SSA another ten days to respond. *Id.*

Then, on January 2, 2020, Thomas sent the SSA an "Affidavit **Notice of Default**," in which he noted that the "SSA again failed to plead or defend affiants [sic] initial affidavit of claim," so the SSA "is now in commercial dishonor and **DEFAULT**." ECF 1-8 at 2. And, plaintiff stated that the SSA "is immediately instructed to release claimants [sic] funds…" *Id.* at 3.

Thereafter, on January 23, 2020, Thomas filed an "Affidavit of Complaint and Claim Order to Release Funds" with the SSA. ECF 1-1 ("January 2020 Affidavit"). In the January 2020 Affidavit, Thomas repeated the claims lodged in the October 2019 Affidavit and reviewed all of his previous submissions to the SSA. *Id.* And, Thomas stated that "by [the SSA's] intentional silence and acquiescence to plead or defend the claims" set forth in the October 2019 Affidavit, the SSA has "**tacitly 'CONTRACTED' and agreed to the terms as stipulated in affiants [sic] initial affidavit**…" *Id.* at 4 (emphasis in original).

This suit followed on March 2, 2020. *See* ECF 1.

3

## II.    Standard of Review[1]

District courts of the United States are courts of limited jurisdiction; they possess "'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 586 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see Home Depot U.S.A., Inc. v. Jackson*, ___ U.S. ___, 139 S. Ct. 1743, 1746 (2019); *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005).  Simply put, if Congress or the Constitution "has not empowered the federal judiciary to hear a matter, then the case must be dismissed."  *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (citation omitted).

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to challenge the court's subject matter jurisdiction over the plaintiff's suit.  Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction.  *See Demetres v. E. W. Const., Inc*., 776 F.3d 271, 272 (4th Cir. 2015); *see also The Piney Run Preservation Ass'n v. Cty. Comm'rs of Carroll Cty*., 523 F.3d 453, 459 (4th Cir. 2008); *Evans v. B.F. Perkins Co*., 166 F.3d 642, 647 (4th Cir. 1999).  However, a court should grant a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) "'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'"  *B.F. Perkins*, 166 F.3d at 647 (citation omitted).

---

[1] Because I will grant the government's Motion under Rule 12(b)(1), I need not address its arguments under Rule 12(b)(6).

A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge or a factual challenge. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *accord Hutton v. Nat'l Bd. of Exam'rs Inc.*, 892 F.3d 613, 620-21 (4th Cir. 2018). Here, the defendants raise a facial challenge to the Court's subject matter jurisdiction, asserting that the doctrine of sovereign immunity forecloses plaintiff's claim. ECF 6-1 at 6-7; *see Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) (observing that "'sovereign immunity deprives federal courts of jurisdiction to hear claims'") (citation omitted), *cert. denied*, ___ U.S. ___, 139 S. Ct. (2018). In such a case, "the defendant must show that a complaint fails to allege facts upon which subject-matter jurisdiction can be predicated." *Hutton*, 892 F.3d at 621 n.7; *see Kerns*, 585 F.3d at 192.

### III.   Discussion

As noted, defendants argue that sovereign immunity bars the relief sought by Thomas. ECF 6-1 at 6-7. Defendants point to plaintiff's failure to allege that he has obtained a "final [agency] decision" with respect to any claim for social security benefits. *Id.* Therefore, they maintain that the Court lacks subject matter jurisdiction. *Id.* Further, defendants argue that plaintiff has failed to allege facts sufficient to state a claim for relief; plaintiff has not established that he is entitled to a default judgment; and, the United States Attorney and the United States Attorney General for the District of Maryland are improper parties. *Id.* at 2. I start and end my analysis with defendants' sovereign immunity claim.

It is well settled that the United States is "immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see United States v. Mitchell*, 463 U.S. 206, 212 (1983) (observing that it is "axiomatic that the United States may not be sued without its consent"); *Ayala v. United States*, __F.3d__, 2020 WL 7050099, at *2 (4th Cir. Dec. 2, 2020) ("As

a general rule, the United States is immune from claims for money damages to civil suits.") (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 686-90 (1949)).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see Mitchell*, 463 U.S. at 212; *Dalehite v. United States*, 346 U.S. 15, 30 (1953). In general, the sovereign immunity of the United States extends to federal officers sued in their official capacity.  *See Dugan v. Rank*, 372 U.S. 609, 620 (1963); *Portsmouth Redev. & Hous. Auth. v. Pierce*, 706 F.2d 471, 473 (4th Cir. 1983).  Therefore, defendants enjoy "a presumption of immunity." *Robinson v. U.S. Dep't of Educ.*, 917 F.3d 799, 801 (4th Cir. 2019), *cert. denied*, __ U.S. ___, 140 S. Ct. 1440 (2020).

A "waiver of sovereign immunity must be unequivocally expressed in statutory text," and be "clearly evident from the language of the statute."  *FAA v. Cooper*, 566 U.S. 284, 290 (2012) (internal quotation marks omitted); *see Lane v. Pena*, 518 U.S. 187, 192 (1996) (observing that a waiver of sovereign immunity "must be unequivocally expressed in statutory text, and will not be implied").  In other words, a waiver of sovereign immunity "cannot contain an ambiguity, which 'exists if there is a plausible interpretation of the statute that would not authorize money damages against the Government.'"  *Robinson*, 917 F.3d at 802 (quoting *Cooper*, 566 U.S. 290-91).  Moreover, waivers of sovereign immunity "must be 'strictly construed in favor of the sovereign.'"  *Welch*, 409 F.3d at 650 (ellipses omitted) (quoting *Lane*, 518 U.S. at 192).  Simply put, sovereign immunity "can only be waived by statutory text that is unambiguous and unequivocal."  *Robinson*, 917 F.3d at 802. And, the plaintiff has the burden to demonstrate a waiver of the government's sovereign immunity.  *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005).

The Social Security Act waives SSA's sovereign immunity only in the circumstances described in 42 U.S.C. § 405(g), as limited by 42 U.S.C. § 405(h).  Section 405(g) provides:

6

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

As set forth in the Social Security Act, a plaintiff must obtain a final decision from the Commissioner before seeking review in federal court. And, a claimant can only receive a final decision by completing the four-step administrative review process established by the SSA. 20 C.F.R. § 404.900(a); *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988).

At the first step of this process, an initial determination is made about a claimant's entitlement to benefits. *See* 20 C.F.R. § 404.902. Second, if the claimant is dissatisfied with the initial determination, he may seek reconsideration of the initial determination. *See* 20 C.F.R. § 404.907. Third, if the claimant is dissatisfied with the reconsidered determination, the claimant can request a hearing before an Administrative Law Judge ("ALJ"). *See* 20 C.F.R. § 404.929. Fourth and finally, the claimant can request a review of the ALJ's decision by the Appeals Council. *See* 20 C.F.R. § 404.967. Once the Appeals Council either denies review or issues its own decision, the claimant can seek judicial review by timely filing an action in federal district court. *See* 20 C.F.R. §§ 404.981, 422.210; *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

In sum, in order for a district court to have subject matter jurisdiction over a claim arising under the Social Security Act, a plaintiff is required to seek review of an ALJ's decision with the Appeals Council before seeking review in the district court. *See Buckner v. Heckler*, 804 F.2d 258, 259 n.2 (4th Cir. 1986). Absent this procedural review, subject matter jurisdiction does not exist.

Section 405(h) of the Social Security Act further limits a federal court's review of social security benefits. It provides:

No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein

7

provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising from this subchapter.

The restrictions under Section 405(h) apply where the Social Security Act provides "both the standing and the substantive basis for the presentation of a claim…." *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 12 (2000) (citation and internal quotation marks omitted). This includes "[c]laims for money, claims for other benefits, claims of program eligibility, and claims that contest a sanction or remedy." *Id.* at 14.

Plaintiff does not allege that he has sought review of an ALJ's decision or has obtained a final decision with respect to any claim for social security benefits. *See* ECF 1. In fact, plaintiff's claim fails at step one of the analysis because his communications with the SSA do not constitute an enumerated "initial determination" from which a "final decision" can arise. 20 C.F.R. § 404.902. Accordingly, I conclude that Thomas did not exhaust his administrative remedies, as required by 42 U.S.C. §§ 405(g), (h).

Thomas argues that the sovereign immunity bar does not apply to him. He asserts that the Court has jurisdiction pursuant to the Suits in Admiralty Act ("SIAA"), 46 U.S.C. § 309 *et seq.* and "**Corpus Juris Secundum as cited within the body of our American Jurisprudence, under the Exclusive rules of <u>Equity and Fairness</u>**, in which the court is not restricted by the statutory provisions under color of law." ECF 11 at 1 (emphasis in original).

Plaintiff does not allege facts to plausibly state a claim under the SIAA. *See* ECF 1. Although the SIAA provides for a narrow waiver of sovereign immunity for admiralty claims, this is not an admiralty case. Rather, plaintiff's claim for money from the SSA plainly arises under the Social Security Act. *See Shalala*, 529 U.S. at 14.

8

Moreover, even if plaintiff plausibly alleges a claim under the SIAA (or another federal statute), Section 405(h) expressly prohibits him from bringing such a claim. As noted, Section 405(h) expressly states: "No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under [28 U.S.C. § 1331 or 28 U.S.C. § 1346] to recover on any claim arising under this subchapter." This means that the Social Security Act provides an exclusive remedy for claims arising under the Social Security Act and no other action against the United States or its employees may be brought for the same claim.

Therefore, neither the SIAA nor another federal statute grants this Court subject matter jurisdiction over plaintiff's claim for money from the SSA. *See Jarrett v. United States*, 847 F.2d 101, 203-204 (4th Cir. 1989) (holding Section 405(h) barred an FTCA claim for damages because the suit arose under the Social Security Act, making it the exclusive remedy for the claim); *Derricott v. Koch*, DKC-14-32342015 WL 4459962, *4 (D. Md. July 20, 2015) (same); *see also Grice v. Colvin*, 97 F. Supp. 3d 684, 698 (D. Md. 2015); *Hill v. Colvin*, 2-16 WL 727177, *6 (M.D.N.C. Feb. 23, 2016).

## IV.     Conclusion

For the foregoing reasons, I shall grant the Motion (ECF 6) and dismiss the case, without prejudice. I shall grant leave to amend, due within 28 days of the date of this Order, to include allegations that would, if true, establish subject matter jurisdiction. If plaintiff fails to file an amended complaint in the time provided, I shall direct the Clerk to close the case. Dismissal in that circumstance will be without prejudice, so that plaintiff may pursue his administrative

remedies.

An Order follows, consistent with this Memorandum.


Date: December 7, 2020                                   _____/s/_____

                                                        Ellen L. Hollander
                                                        United States District Judge